# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1758

_____

United States of America,          *
                                   *
    Plaintiff - Appellee,    *
                                   *   Appeal from the United States
v.                                 *   District Court for the
                                   *   District of Nebraska.
Curtis Richardson, also known as   *
Tyrone Green,                      *          [UNPUBLISHED]
                                   *
    Defendant - Appellant.   *

_____

Submitted: December 13, 2007
Filed: April 24, 2008

_____

Before LOKEN, Chief Judge, WOLLMAN and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Curtis Richardson entered a conditional plea of guilty to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). He appeals the district court's[1] denial of his motion to suppress 263 grams of crack cocaine seized by Nebraska State Patrol Investigators during a search incident to Richardson's arrest

---

[1] The HONORABLE LAURIE SMITH CAMP, United States District Judge for the District of Nebraska, adopting the Report and Recommendation of the HONORABLE THOMAS D. THALKEN, United States Magistrate Judge for the District of Nebraska.

at the Omaha bus depot.  Agreeing that the officers acquired probable cause to arrest Richardson during a consensual encounter, we affirm.

At the suppression hearing, Investigator Richard Lutter testified that he reviewed the manifest of an arriving bus and noted that passenger Tyrone Green was traveling on a one-way ticket from "a source area for controlled substances" that he purchased with cash less than an hour before departure, a method of travel often used by drug couriers.  After the bus arrived, Lutter saw passenger Richardson exit the terminal talking on a cell phone, which suggested he was staying in the area.  When the phone conversation ended, Lutter identified himself, explained that Richardson was not under arrest or in trouble, and asked if he would be willing to talk.  Richardson said "yes," showed Lutter a bus ticket and identification in the name of Tyrone Green, and nervously answered questions about his itinerary.  Lutter then asked if Richardson was carrying contraband.  Richardson said no.  Lutter asked if he could search Richardson's bag.  Richardson said "go ahead."

When Richardson began to remove items from the bag, Lutter asked if Investigator Sattlefield could search the bag.  (Sattlefield testified that this procedure was to protect officer safety because the officers did not know what might be in the bag.)  Richardson stepped back and turned away with his arms up.  Interpreting that as a gesture of consent, Sattlefield began searching the bag, while Lutter asked Richardson for permission to search his person.  Without comment, Richardson turned and faced Lutter with his arms up, which Lutter construed as consent to the search.

While Lutter was searching Richardson's left leg, Richardson stepped away, reached into his sock, and handed Lutter a dollar bill folded around marijuana.  Lutter then said Richardson was under arrest.  Richardson pulled away but was subdued and taken to a room in the terminal where, after Miranda warnings, he gave his true name.  Meanwhile, Sattlefield completed searching the bag and found the crack cocaine.

On appeal, Richardson argues, as he did to the district court, that his pre-arrest encounter with the investigators was not consensual. When they approached him outside the terminal, the officers stood so close and questioned so aggressively that he did not feel free to leave, resulting in a detention without the reasonable suspicion required by Terry v. Ohio, 392 U.S. 1 (1968). Therefore, Richardson reasons, he did not voluntarily consent to the search of his person or his bag, and the warrantless searches violated his Fourth Amendment rights. The district court instead found that the encounter was consensual prior to the arrest. He was approached in a public place. He was told that he was not under arrest and did not have to answer Lutter's questions. And the officers reasonably believed that his responses to their non-coercive inquiries signified voluntary consent to the search of the bag and his person. Having carefully reviewed the suppression hearing record, we conclude that the district court's findings that Richardson voluntarily consented to the searches and voluntarily handed Lutter the dollar bill containing marijuana were not clearly erroneous. See United States v. Drayton, 536 U.S. 194, 206-07 (2002); United States v. Jones, 254 F.3d 692, 694, 696 (8th Cir. 2001); United States v. Favela, 247 F.3d 838, 840 (8th Cir. 2001); United States v. Sanchez, 156 F.3d 875, 878 (8th Cir. 1998); United States v. Hathcock, 103 F.3d 715, 719-20 (8th Cir. 1997), cert. denied, 521 U.S. 1127 (1997).

Finally, Richardson argues that the district court failed to conduct an adequate inquiry into whether his consent was knowing and intelligent. However, his brief in support of the motion to suppress and his objections to the magistrate judge's report and recommendation conceded his mental competence, and the suppression record contained no evidence to the contrary. In these circumstances, the court's finding that Richardson "was of adequate age and intelligence" is not clearly erroneous.

The judgment of the district court is AFFIRMED.

_____